IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Julius Ervin Underhill | ) | Civil Action No. 4:12-844-TLW |
| | ) | Cr. No. 4:08-56 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Julius Ervin Underhill (hereinafter "Petitioner" or "Defendant").

On January 22, 2008, a federal grand jury returned a four count Indictment against Petitioner. (Doc. # 2). Count 1 charged Petitioner with possession with intent to distribute and distribution of 5 grams or more of cocaine base (commonly known as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). Count 2 charged Petitioner with possession with intent to distribute 50 grams or more of cocaine base (commonly known as crack cocaine), a Schedule II controlled substance, and a quantity of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). Count 3 charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2); and Count 4 charged that Petitioner knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A). On

1

September 30, 2008, Petitioner entered a plea of guilty as to Count 4 of the Indictment.[1] (Docs. # 56 & # 58). On December 18, 2008, this Court sentenced Petitioner to 262 months and 5 years of supervised release, with judgment entered on January 22, 2009. (Doc. # 72). Petitioner pursued a direct appeal, and on August 23, 2012, the United States Court of Appeals for the Fourth Circuit issued an opinion affirming the judgment of the district court. (Docs. # 86-87).

On March 22, 2012, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting one ground for relief. (Doc. # 142). On April 3, 2012, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 92 & # 93). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed April 26, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 95). Petitioner had already filed a response to the government's motion on April 20, 2012. (Doc. # 94). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a

---

[1]The Judgment indicates that Counts 1, 2, & 3 were dismissed upon motion of the Government.

preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 153). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the

3

moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner's claim for relief set forth verbatim are as follows:

1. I am factually, actually, innocent of being a career offender because my two S.C. priors are not violent felony convictions. The probation officer, the prosecutor, and the defense lawyer made a mistake, thinking that I had been convicted of S.C. Code § 16-03-0620 when in fact, I was not, for both priors that were used to enhance my sentence under USSG § 4B1.1. Therefore, with only my N.J. prior qualifying under USSG § 4B1.1, I am not a career offender.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Petitioner sought a direct appeal of his conviction and sentence. The Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on August 23, 2010. (Doc. # 86). The mandate issued on September 14, 2010. (Doc. # 87). Petitioner did not petition for a writ of certiorari to the Supreme Court and so his conviction became final 90 days after the entry of judgment, in or about late November 2010.[1] Petitioner's one year limitation period to file under §

---

[1] A petition for a writ of certiorari to review a judgment in any case, civil or criminal, is timely when it is filed with the Clerk of the United States Supreme Court within 90 days after the entry of the judgment. U.S. Sup. Ct. Rule 13(1). The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). See also, the Fourth Circuit Court of Appeals Local Rule 41, IOP 41.2 which provides that a "A petition for a writ of certiorari must be filed with the Supreme Court within 90 days of the entry of judgment in a criminal case or a civil case. The time for the petition does not run from the issuance of the mandate, but from the date of judgment, which is also the opinion date."

2255 expired approximately one year later, in or about late November 2011. As noted, Petitioner did not file this present action until March 21, 2012. Accordingly, this petition is untimely.

Although the Fourth Circuit does recognize a doctrine of equitable tolling of the statute of limitations governing § 2255 petitions that may apply in limited situations, Petitioner has cited no grounds capable of justifying an equitable tolling in this case.[2] The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.

Additionally, the Court notes, as the Government points out in its memorandum, there is an equally compelling alternative ground to deny relief in this case. Petitioner's Pre-Sentence Investigation Report indicates that the Petitioner has the following qualifying convictions for Career Offender status: Assault and Battery of a High and Aggravated Nature (two counts) and a Possession of a Controlled Dangerous Substance with Intent to Distribute. See PP 17, PP 19 & PP 21 of the PSI. After careful review and consideration, the Court finds that Petitioner was properly classified as a career offender as he had at least two qualifying predicate offenses pursuant to U.S.S.G. § 4B1.1.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 88) and the Government's motion for summary judgment is **GRANTED** (Doc. # 93). This action is hereby **DISMISSED**.

---

[2]In his petition, Petitioner indicates that "his only reason for not filing timely is his lack of understanding of the rules."

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

July 16, 2012
Florence, South Carolina